O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>MOHAMMAD JAWAD ANSARI,<br><br>　　　　　　　Defendant. | Case No. 2:20-cr-00449-FLA<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF REMAND ORDER [DKT. 171]** |

## **RULING**

Before the court is defendant Mohammad Jawad Ansari's ("Ansari" or "defendant") Motion for Reconsideration of Remand Order and/or Motion for Bond Pending Appeal ("Motion"). Dkt. 171 ("Mot."). Plaintiff the United States of America (the "government") opposes the Motion. Dkt. 174 ("Opp'n."). On July 10, 2023, the court found this matter appropriate for resolution without oral argument and vacated the hearing on this Motion set for July 14, 2023. Dkt. 176.

For the reasons stated herein, the court DENIES defendant's Motion.

/ / /

/ / /

1

## BACKGROUND

Defendant was indicted in October 2020 for abusive sexual contact in violation of 18 U.S.C. § 2244(b), and was found guilty by jury in May 2023. Defendant was released on bond for the time between the indictment and conviction. Following the guilty verdict, the government moved for defendant's detention pursuant to 18 U.S.C. § 3143(a)(1). The court considered oral argument and found defendant had not overcome the statutory mandate that he be detained absent a showing by clear and convincing evidence that he was not a flight risk and did not pose a danger to any other person or the community. *See* 18 U.S.C. § 3143(a). The court exonerated the bond and ordered defendant detained. Dkt. 159. Sentencing is set for September 29, 2023. *Id.*

Defendant now moves for reconsideration pending sentencing pursuant to 18 U.S.C. § 3143(a), and for bond pending appeal pursuant to 18 U.S.C. § 3143(b).[1] Mot.

## DISCUSSION

First, defendant has not shown proper grounds for reconsideration of the court's May 9, 2023 detention order. *See* Local Civil Rule 7-18. Defendant's Motion raises arguments previously made and considered by the court, such as defendant's lack of criminal history, ties to the United States, and compliance while on pretrial release. *See* Mot. Defendant's "new" information consists only of letters from family and friends, and three appraisals of property available as bond collateral. *Id.* Defendant has made no showing that the latter information could not have been known to him at the time of the court's detention order. Given that defendant owns the three properties

---

[1] The court declines to consider defendant's arguments for bond pending appeal under 18 U.S.C. § 3143(b)(1). *See* 18 U.S.C. § 3143(b)(1) ("[T]he judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or petition for certiorari, be detained . . ."). Defendant is currently awaiting sentencing, not appeal, and therefore 18 U.S.C. § 3143(a)(1) controls.

2

at issue and that the action had been pending for more than two years, such information appears to have been readily available to defendant at the time of the detention order following the jury's guilty verdict. Nonetheless, the court considers the merits of defendant's Motion.

Federal Rule of Criminal Procedure 46(c) ("Rule 46(c)") conditions post-conviction eligibility for release pending sentencing on satisfaction of the provisions of 18 U.S.C. § 3143. Fed. R. Crim. P. 46(c) ("The provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal. The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant."). Rule 46(c) makes clear that the burden rests with the defendant. 18 U.S.C. § 3143(a)(1) provides in relevant part:

> [T]he judicial officer shall order that a person found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released.

Defendant, who was found guilty by jury, bears the burden of "establishing by clear and convincing evidence [he] will not flee or pose a danger to any other person or to the community." *See id.*; Fed. R. Crim. P. 46(c). As set forth above, the court previously found defendant had not met his burden. For the reasons stated at the May 9, 2023 hearing and based on the evidence adduced at trial and submitted in connection with defendant's Motion—including the predatory nature of defendant's crime of conviction, the vulnerability of the victim, who was asleep and unable to defend herself and prevent defendant from engaging in abusive sexual contact for approximately forty to sixty minutes while seated next to defendant on an aircraft, defendant's ties to at least one foreign country, extensive domestic and foreign travel history, and access to significant financial resources that could be used to facilitate flight—defendant's "new" evidence does not overcome the statutory mandate in favor

of detention or establish by clear and convincing evidence that he is not a flight risk or danger to the safety of any other person or the community if released.

Additionally, in reconsidering whether release or detention pending sentencing is appropriate, the court has placed significant weight on the evidence received at trial. That evidence, viewed in light of the defendant's conviction, indicates that the defendant is likely to serve a substantial term of imprisonment. The evidence received at trial included the testimony of percipient witnesses and the defendant. In light of that and all other evidence received at trial, the court finds that the defendant's testimony included falsehoods obvious to the court concerning his intent and knowledge. The content and nature of that testimony left the court convinced of the defendant's willingness to engage in deceitful conduct in any circumstance in which he perceives such conduct will be to his own advantage. In short, the evidence received at trial, and in particular the defendant's own testimony, precludes the court from finding, by clear and convincing evidence, that the defendant does not pose a danger to the safety of any other person or the community, or that he is not likely to flee.

As for defendant's compliance with his pretrial conditions, which he again argues shows he is not likely to flee, this contention fails to consider a material change in circumstances – the defendant has now been convicted and is no longer entitled to a presumption of innocence.

///

///

///

**CONCLUSION**

For the reasons stated above, the court DENIES defendant's Motion.

IT IS SO ORDERED.

Dated: July 14, 2023

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge