Caleb Mason, Esq. (State Bar No. 246653)
Jacqueline Sparagna (State Bar No. 315275)
WERKSMAN JACKSON & QUINN LLP
888 West Sixth Street, Fourth Floor
Los Angeles, California 90017
Telephone: (213) 688-0460
Facsimile: (213) 624-1942
Email: cmason@werksmanjackson.com

Attorneys for Defendant
Mohammad Jawad Ansari

UNITEDS STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>  v.<br><br>MOHAMMAD JAWAD ANSARI,<br><br>       Defendant | Case No.: 2:20-CR-00449-FLA<br><br>**DEFENDANT'S OBJECTION TO PRESENTENCE REPORT**<br><br>Hon. Fernando L. Aenlle-Rocha<br>Ctrm: 6B<br>Sentencing Date: Sep. 29, 2023 |

Defendant Mohammad Jawad Ansari, by and through his counsel of record, Caleb Mason and Jacqueline Sparagna of WERKSMAN JACKSON & QUINN, LLP, hereby objects to the Presentence Report as follows:

### A. The "Vulnerable Victim" Adjustment Under USSG 3A1.1(b)(1) Should Not Be Imposed

The PSR recommends a two-level upward adjustment under §3A1.1(b)(1). PSR ¶ 23. That provision, typically called the "vulnerable victim" adjustment, applies where the defendant "knew or should have known that a victim of the offense was a vulnerable victim." The Application Notes, Note 2, state that the

term "vulnerable victim" means, inter alia, a "person who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to criminal conduct." The PSR cites *United States v. Wetchie*, 207 F.3d 632 (9th Cir. 2000) for the proposition that the adjustment applies in virtue of the fact that the victim was asleep. PSR ¶ 26.

*Wetchie* does include the following sentence: "In sum, in light of Weischedel, Peters, and Castellanos, the district court correctly applied the vulnerable victim adjustment based on the fact that Wetchie's victim was asleep." 207 F.3d at 636. However, Mr. Ansari contends that the decision should not be read to entail that the adjustment applies as a matter of law every time a victim was asleep. The facts of the *Wetchie* case, as set forth by the Court, contained multiple indicia of vulnerability far beyond the fact that the victim was sleeping. The victim in Wetchie was 11 years old and was living at a group home for Native American children who had made wards of the court. The crime took place at night while the children were asleep in their beds, and the defendant was a "house parent" at the facility who was entrusted with the care of the children.

The vulnerable victim adjustment applied in *Wetchie* across all factual fronts of the case. The instant case is sharply distinguishable in all respects other than the fact of the victim being asleep. The incident at issue in this case involved adults, on a crowded plane, during the day. The victim was a strong and healthy adult with no disabilities, who held a position as a uniformed flight attendant, a position of power and authority on planes. None of the factors supporting the adjustment apply in this case, except for the fact that she was asleep. So unless being asleep per se triggers the adjustment, it should not be applied.

Mr. Ansari contends that being asleep should not per se trigger the adjustment, because the adjustment on its face appears intended to apply to facts about a person (age, disability, etc.) rather than an activity like sleep, which every

single person does for approximately one-third of their lives. As noted, Mr. Ansari acknowledges the language of *Wetchie*, but does not agree that it should be read as a basis for applying the adjustment as a rule or matter of law in every single case in which a victim was asleep.

### B. In the Interest of Judicial Efficiency, Mr. Ansari Should Receive A Two-Level Reduction Under the Forthcoming Amendment to USSG § 4C1.1, Which Will Be Retroactive When It Takes Effect

Section 4C1.1 has been amended. The amended Guideline, which will take effect on November 1, 2023, will provide for a two-level reduction in offense level for defendants, like Mr. Ansari, who have zero criminal history points. Reductions under the new provision will take effect on February 1, 2024, and the provision will have retroactive application. Anticipating a potential wave of reduction motions, the Application Note for the amended provision (Note 7) provides that the Court is permitted to apply the reduction in orders issued prior to that date, provided that any such order be issued to take effect on February 1, 2024.

The Commission's published guidance is attached hereto as Ex. A.

Mr. Ansari understands that PSRs reflect the Guidelines as they are at the time the PSR is prepared; however, in an abundance of caution, he feels it appropriate to raise this issue in this Objection, in addition in to his sentencing memorandum.

Dated: September 1, 2023

Respectfully submitted,

WERKSMAN JACKSON & QUINN, LLP

/s *Caleb Mason*

By: _____

Caleb E. Mason
Jacqueline M Sparagna
Attorneys for Defendant
Mohammad Jawad Ansari